UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SPECIALTY RISK MANAGEMENT, INC., § <br>     *Plaintiff*, § <br> § <br> v. § <br> § <br> S-RM INTELLIGENCE AND CONSULTING § <br> LIMITED, § <br>     *Defendant*. § | CIVIL ACTION NO. 1:26-cv-00606 |

## COMPLAINT

Defendant's use of the mark "S-RM" for risk management and crisis management services infringes Plaintiff's senior "SRM" trademark, has already caused confusion in the insurance brokerage marketplace, and threatens continuing injury to Plaintiff's goodwill and commercial relationships. This action seeks a declaration of Plaintiff's superior rights in the "SRM" mark, an injunction prohibiting Defendant's confusing use, and cancellation of Defendant's later-issued federal registrations pursuant to 15 U.S.C. § 1119.

## I.
## PARTIES

1. Plaintiff Specialty Risk Management, Inc. is a Texas corporation headquartered in Travis County, Texas.

2. Defendant S-RM Intelligence and Risk Consulting Limited is a foreign corporation with their principal place of business at 14th Floor, Beaufort House, 15 St. Botolph Street, London, Greater London, United Kingdom. Defendant conducts business affecting commerce in the United States and may be served with process under Article 10a(a) of the Hague Service Convenction at their registered address, The Rowe, 6th Floor, 61 Whitechapel High Street, London, England, E1 7PE. The United Kingdom has not objected to service by mail under Article 10(a) and service by

mail is authorized under Federal Rule of Civil Procedure 4(h)(2).

## II.
### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims that relate to trademark infringement under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal questions); 28 U.S.C. § 1338(a) (any act of Congress relating to trademarks); and 28 U.S.C. § 1338(b) (action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws). This Court has the authority to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).

## III.
### FACTS

5. Plaintiff provides insurance-related risk management and crisis management consulting services, including employment and crisis response services tied to insurance programs based exclusively out of Lloyd's of London and distributed throughout the United States and other Countries. Plaintiff has been providing these services for more than 30 years.

6. Plaintiff provides their goods and services through a private client base and long-standing insurance program relationship with Professional Liability Insurance Services ("PLIS") who is a Lloyd's Coverholder/Underwriter, which extends the reach of niche insurance products and expertise to local markets.

7. Plaintiff's reputation depends on accurate association of their services with established insurance program relationships.

8. Plaintiff owns valid and subsisting federal trademark registrations in Class 36. The mark "Specialty Risk Management" has been used in connection with Plaintiff's services since at

least January 7, 1993. The mark was registered March 6, 2007 (U.S. Reg. No. 3215398). Plaintiff's Specialty Risk Management logo has been used in commerce since at least February 2005. The logo was registered February 27, 2007 (U.S. Reg. No. 3212303). Plaintiff's "SRM" mark has been used in commerce since at least February 2003. "SRM" was registered April 11, 2006 (U.S. Reg. No. 3079596):

# SRM

9.      Plaintiff's federal trademark registrations reflect long-standing and continuous use of its marks in commerce. Through this decades-long use, "SRM" has established priority, distinctiveness, and strong source-identifying significance in the insurance risk management and crisis management marketplace. Its beneficial Crisis Management prevention and outcome activities have come to distinguish their Company through the years. Plaintiff has used "SRM" in commerce for many years and developed goodwill in the insurance and crisis management marketplace.

10.     Plaintiff has invested substantial time, resources, and effort in developing and promoting goodwill associated with "SRM" and related Specialty Risk Management branding. Through long-standing and continuous use in connection with insurance risk management and crisis management services, "SRM" has built significant recognition and reputation in the marketplace. As a result, "SRM" has acquired distinctiveness and source-identifying significance.

11.     Defendant's use of the "S-RM" mark, which has different versions registered on July 19, 2022 (U.S. Reg. No. 6791756) and March 18, 2025 (U.S. Reg. No. 7726036), creates a

false association with, and improperly trades on, Plaintiff's established brand identity and goodwill:

**S-RM    S-RM**

12. Defendant promotes services including financial risk management, crisis management, and related consulting overlapping with Plaintiff's services. Plaintiff and Defendant operate in overlapping trade channels involving London insurers, US and London brokers, and US insured organizations. The marks "SRM" and "S-RM" are highly similar in appearance, pronunciation, and commercial impression:

**SRM    S-RM    S-RM**

13. Defendant adopted and has continued to use "S-RM" with knowledge of Plaintiff's longstanding use of "SRM" in connection with insurance risk management and crisis management services. Defendant uses "S-RM" in commerce to promote and provide services, including through websites, marketing materials, and communications with potential customers. Such use is intended to generate commercial revenue in the same marketplace in which Plaintiff operates.

14. Defendant's infringement has been willful in that Defendant adopted and continued to use the "S-RM" mark despite the high likelihood of confusion with Plaintiff senior "SRM" mark. Given the parties' overlapping services, trade channels, and target audiences, Defendant knew or should have known that its use of "S-RM" was likely to cause confusion.

15. Defendant nevertheless proceeded with and continues its use of the "S-RM" mark despite the high likelihood of confusion and after actual confusion arose in the marketplace. On October 15, 2025, Plaintiff learned of such confusion when an insurance broker questioned whether Plaintiff provided workplace violence and hostage crisis management coverage for one of his accounts. The broker's inquiry was prompted by policy materials listing "SRM" as the crisis management provider on an account for which PLIS was not the Coverholder/Underwriter on behalf of London. In fact, Plaintiff did not provide coverage or crisis-management services for that account, and they had no underwriting relationship in connection with it. It was later determined that Defendant, and not Plaintiff, was the entity providing the referenced crisis management services.

16. This confusion is commercially significant because brokers often encourage the choice of an insurance product by a potential insured based on the Quality of Crisis Management Services. They are key intermediaries in identifying crisis management and risk management service providers tied to insurance programs; confusion at the broker level risks misdirection of service requests, misattribution of performance, and disruption of Plaintiff's business relationships and goodwill.

17. Plaintiff's interests fall within the zone of interests protected by the Lanham Act because they allege injury to commercial interests in reputation and sales resulting from confusing and misleading use of marks in commerce.

18. Defendant's use of "S-RM" in connection with overlapping risk management and crisis management services will likely continue to cause brokers, insurers, and insureds to mistakenly believe that Defendant's services are affiliated with, sponsored by, or originate from Plaintiff's.

19. Defendant's confusing use proximately causes harm to Plaintiff in at least these ways:

    a. Confusion causes third parties to attribute services, communications, and capabilities to Plaintiff that they did not provide or authorize (including misunderstanding of SRM's long standing Coverholder/Underwriting relationships).

    b. Confusion risks diversion of prospective customers or program opportunities away from Plaintiff and interferes with Plaintiff's established channel relationships, including broker and program relationships connected to PLIS.

    c. Confusion forces Plaintiff to spend time and resources correcting misapprehensions in the marketplace and clarifying its role and scope of service.

## IV.
## FIRST CLAIM FOR RELIEF
### DECLARATION OF RIGHTFUL OWNERSHIP OF THE "SRM" TRADEMARK

20. Plaintiff incorporates all preceding paragraphs.

21. An actual and justiciable controversy exists concerning ownership and lawful use of the "SRM" and "S-RM" marks.

22. Defendant's continued use of "S-RM" threatens continued confusion and commercial harm.

23. Plaintiff seeks declarations that:

    a. Plaintiff owns senior trademark rights in the "SRM" mark;

    b. Defendant's use of "S-RM" infringes Plaintiff's rights and is likely to cause confusion;

    c. Defendant's registrations (U.S. Reg. Nos. 6791756 and 7726036) are invalid or subject to cancellation; and

    d. Defendant lacks the right to use "S-RM" for confusingly similar services.

24. Declaratory relief will resolve ongoing uncertainty affecting Plaintiff's business

operations.

## V.
## SECOND CLAIM FOR RELIEF
### CANCELLATION OF TRADEMARK REGISTRATIONS– 15 U.S.C. § 1119

25.     Plaintiff incorporates all preceding paragraphs.

26.     Plaintiff seeks an order from this Court pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, directing the United States Patent and Trademark Office to cancel U.S. Trademark Registration Nos. 6791756 and 7726036 for the "S-RM" marks owned by Defendant.

27.     Defendant's registrations were improperly issued because Plaintiff possesses senior trademark rights in the "SRM" mark, which they used in commerce in connection with insurance risk management and crisis management services prior to Defendant's adoption and use of the "S-RM" mark.

28.     Defendant's registration and continued use of the "S-RM" mark in connection with overlapping risk management and crisis management services is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant's services with Plaintiff, or as to the origin, sponsorship, or approval of those services.

29.     Concurrent registration and use of Defendant's "S-RM" marks with Plaintiff's senior "SRM" mark is therefore barred under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

30.     Plaintiff accordingly seeks an order directing the United States Patent and Trademark Office to cancel Registration Nos. 6791756 and 7726036.

## VI.
### JURY DEMAND

31.     Plaintiff demands a trial by jury on all issues so triable.

## VII.
### REQUESTED RELIEF

Plaintiff respectfully requests that the Court enter judgment in their favor and:

a. Enjoin Defendant from using "S-RM" or other confusingly similar marks;

b. Order cancellation of U.S. Reg. Nos. 6791756 and 7726036 under 15 U.S.C. § 1119;

c. Award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), as this is an exceptional case arising from Defendant's knowing and willful infringement of Plaintiff's trademark rights;

d. Award pre- and post-judgment interest as allowed by law; and

e. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Deondrey Rashad Russell*
A. Boone Almanza
State Bar No. 01579001
balmanza@abdmlaw.com
Deondrey Rashad Russell
State Bar No. 24140554
drussell@abdmlaw.com
ALMANZA, BLACKBURN, DICKIE & MITCHELL, LLP
2301 S. Capital of Texas Highway, Building H
Austin, Texas 78746
(512) 474-9486 (tel) | (512) 478-7151 (fax)

Rick Akin
(motion for admission *pro hac vice* pending)
State Bar No. 00959050
rickakin@theakinfirm.com
The Akin Law Firm, LLC
27855 Whitewood Drive East
Steamboat Springs, Colorado 80487
(970) 870-0541

*Attorneys for Plaintiff*
*Specialty Risk Management, Inc.*